UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

RANDY AND JENNIFER HANSON,
individually and on behalf of
a class of others similarly situated,

    Plaintiffs,

v.                                                                                    Civil No. _____

SANTANDER CONSUMER USA, INC.,

    Defendant.

---

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Santander Consumer USA Inc. ("SC" or "Defendant") hereby gives notice of the removal of the action styled *Randy and Jennifer Hanson, et al. v. Santander Consumer USA, Inc., et al.*, bearing Case No. 2022CV000493 (the "State Court Action") from the State of Wisconsin Circuit Court, County of Eau Claire, to the United States District Court for the Western District of Wisconsin. In support of this Notice of Removal, SC states as follows:

**I.    BACKGROUND**

1. On or about October 06, 2022, Plaintiffs commenced the State Court Action. A copy of the Summons and Complaint are attached as Exhibit 1.[1]

2. On October 11, 2022, SC was served with the Summons and Complaint in the State Court Action. *See* Service of Process Transmittal, attached hereto as Exhibit 2.

---

[1] Pursuant to 28 U.S.C. § 1446(a), Exhibit 1 contains copies of all of the process and pleadings served upon SC in the State Court Action.

3. Plaintiff Randy Hanson is a citizen of the State of Wisconsin. *See* Exh. 1, Complaint, ¶ 19.

4. Plaintiff Jennifer Hanson is a citizen of the State of Wisconsin. *Id.*

5. Defendant SC is an Illinois corporation with a principal place of business in Dallas, Texas. *See* Exhibit 3, Declaration of Randy Bockenstedt in Support of Defendant's Notice of Removal ("Bockenstedt Decl."), ¶ 2.

6. Plaintiffs assert claims against SC for violation of certain provisions of Article 9 of the Wisconsin Uniform Commercial Code, Wis. Stat. §§409.610, 409.611, 409.614, 409.616, and 409.625 ("UCC"), by allegedly providing to Wisconsin consumers "a notice of disposition of collateral which misstated the liability of consumers for a deficiency" because it failed to inform the recipient customer that SC was "entitled to recover from the customer the deficiency, if any, remaining after deducting the fair market value of the collateral from the unpaid balance" (the "Notice"). Exh. 1, Complaint, ¶¶ 58, 60, 72-98. Plaintiffs also assert an equitable relief claim against SC seeking to enjoin SC from collecting customer deficiency balances. *Id*. at ¶¶ 99-102.

7. Plaintiffs seek to represent a putative class of "all Wisconsin residents" to whom SC sent a Notice. *Id*. at ¶ 60.

8. Plaintiffs seek statutory damages for the alleged UCC violations in an amount of the credit service charge plus 10% of the principal amount of the obligation for each member of the class. *Id.*, Prayer for Relief B.

9. In connection with the purchase of a used 2018 Kia Sportage, Plaintiffs executed a retail installment sales contract that sets forth the payment terms and obligations. The retail installment sale contract reflects an Amount Financed (the principal obligation) of $21,565.10. Exh. 1, Complaint at Exh. A; Exh. 3, Bockenstedt Decl., ¶¶ 6-7

10. The retail installment sales contract also reflects a Finance Charge of $16,682.74. Exh. 1, Complaint at Exh. A. The Finance Charge represents the credit service charge Plaintiffs are obligated to be pay over the course of the contract. Exh. 3, Bockenstedt Decl., ¶¶ 6-7.

11. Accordingly, Plaintiffs seeks minimum individual damages not less than $18,839.25 ($16,682.74 (credit service charge) plus $2,156.51 (10% of $21,565.10, the principal obligation)).

12. Plaintiffs also seek equitable relief declaring "preliminarily and permanently enjoining Santander from engaging in the practices alleged herein," namely collecting deficiencies. Exh. 1, Complaint, Prayer for Relief C.

## II.   GROUNDS FOR REMOVAL

13. A class action may be removed under the Class Action Fairness Act ("CAFA") when: (1) there is minimal diversity (i.e., the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class members' aggregated claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b).

14. CAFA provides that a district court may decline jurisdiction over a class action "in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." *Id*. § 1332(d)(3).

15. CAFA further provides that a district court "shall decline to exercise jurisdiction"

over a class action in two instances: First, in a class action in which "(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (II) at least one defendant is a defendant--(aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed . . ." Id. § 1332(d)(4)(A). Second, in a class action where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." Id. § 1332(d)(4)(B).

### A. Minimal Diversity Exists.

16.     SC is an Illinois corporation with its principal place of business in Texas. Bockenstedt Dec., ¶2. Plaintiffs are residents of Wisconsin. Exh. 1, Complaint, ¶ 19. Thus, minimal diversity exists between the parties. 28 U.S.C. § 1332(d)(2)(A) ("Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant.").

### B. The Putative Class Consists of More Than 100 Members.

17.     Plaintiffs allege that the putative class consists of all Wisconsin residents who in the last three years (a) have or had a retail installment contract held by SC; (b) had their vehicle repossessed in Wisconsin by SC or it agents; (c) have not obtained a discharge in bankruptcy applicable to the retail installment contract; and (d) received a Notice from SC. Exh. 1, Complaint, ¶ 60.

18.     SC has not had sufficient time to complete its analysis of the potential class and

specifically denies that Plaintiffs have properly identified a viable class.[2]  Nonetheless, based on SC's preliminary analysis, the alleged class includes at least 1,000 members.[3]  Exh. 3, Bockenstedt Decl., ¶¶ 9-10.

### C. As Alleged, the Aggregate Amount in Controversy Exceeds $5,000,000.

19. Taking Plaintiffs' claims as typical of the claims of members of the putative class, as Plaintiffs allege, Exh. 1, Complaint, ¶ 59, and as they must be in order for Plaintiffs to qualify as class representatives, and applying Plaintiffs' individual damages claim to the preliminary minimum putative class of 1,000 members, the amount in controversy is $18,839,250 (1,000 x $18,839.25).

20. The above calculation also does not take into account that Plaintiffs seek to enjoin SC from collecting deficiencies from Plaintiffs and the putative class.  Exh. 1, Complaint, Prayer for Relief 4.  Including the sum that would result from a bar on deficiency collections would push the damages claim even higher.  Plaintiffs, for example, have a deficiency balance of $11,364.20.  Exh. 3, Bockenstedt Dec. ¶ 8.

21. Thus, while SC has not had sufficient time to complete its analysis of the putative class, and specifically denies that Plaintiffs have properly identified a viable class, it is nevertheless clear that the amount in controversy greatly exceeds the CAFA $5,000,000 threshold.

### D. SC Is Not A Governmental Agency.

22. SC is not a state, a state official or a government entity.  *See* 28 U.S.C. §

---

[2] SC does not concede and reserves the right to challenge Plaintiffs' theory of liability and damages.  *See e.g. Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

[3] For these purposes, SC is treating each relevant account as a single putative class member, without regard to the fact that some accounts have multiple co-obligors, each of whom may be considered "Wisconsin residents . . . to whom Santander sent a Notice . . ." under the allegations of the Complaint, ¶ 60.

1332(d)(5)(A).

  **E.** **Removal Is Timely**.

23. SC has removed the action within 30 days of being served with or having received the Complaint. This Notice of Removal has, therefore, been timely filed. *See* 28 U.S.C. § 1446(b).

  **F.** **CAFA Exceptions Do Not Apply.**

24. This action was originally filed in the State of Wisconsin. SC is not a citizen of Wisconsin and was not a citizen of Wisconsin when the initial pleading in this case was filed. Accordingly, none of the potential exceptions to removal enumerated in 28 U.S.C. § 1332(d)(3)-(4) are applicable.

**III.** **ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED**

25. This action has not previously been removed to federal court.

26. Notice has been sent to the state court regarding the removal of this action.

27. All adverse parties to this action have been provided with written notice of the filing of this removal, as required by 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of Service and by Notice of Removal filed in state court, which will be promptly filed in the State Court Action. Exhibit 4.

28. Venue is proper in this district under 28 U.S.C. § 1441(a) because the court where the State Court Action is pending is located in this district.

29. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by SC of any fact, of any validity or merits of any of Plaintiffs' claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of SC's rights, claims, remedies, and defenses in connection with this action, including the

right to move to sever claims, all of which are hereby fully and expressly reserved. SC expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

**WHEREFORE**, pursuant to the provisions of 28 U.S.C. §§ §§ 1332, 1441, 1446, and 1453, Defendant Santander Consumer USA Inc. hereby removes to this Court the action styled *Randy Hanson, et al. v. Santander Consumer USA, Inc. et al.*, bearing Case No. 2022CV000493, from the State of Wisconsin Circuit Court, County of Eau Claire.

Dated: October 31, 2022

By: *s/Roseanne Ciambrone*
Rosanne Ciambrone
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
t: 312 499 0175
*Attorneys for Defendant*

Robert J. Brener (*pro hac* motion to be filed)
DUANE MORRIS LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 1800
Newark, NJ 07102-5429
t; 973 424 2000
RJBrener@duanemorris.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of October, 2022, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system and served the same via U.S. Mail, postage prepaid, on the following:

Matthew Curtiss Lein Esq.
Lein Law Offices, LLP
PO Box 761
15692 Highway 63 North
Hayward, WI 54843
*Counsel for Plaintiffs*

*s/ Roseanne Ciambrone*
Roseanne Ciambrone