UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

RANDY AND JENNIFER HANSON,
individually and on behalf of
a class of others similarly situated,

      Plaintiffs,

      v.                                  Civil No. __3:22-cv-00623_____

SANTANDER CONSUMER USA, INC.,

      Defendant.

---

## DECLARATION OF
## RANDY BOCKENSTEDT

---

Randy Bockenstedt declares as follows:

      1.      I am over eighteen years of age, under no mental or legal disability, and competent to testify as to the matters set forth herein.

      2.      Defendant Santander Consumer USA Inc. ("SC") is organized under the laws of the State of Illinois with its principal places of business in Dallas, Texas.

      3.      I am employed by SC as a Senior Director of Collections.

      4.      In my capacity as a Senior Director of Collections, I am responsible for managing certain retail installment sales contracts owned and/or serviced by SC. Included among my responsibilities is the management of the notice process regarding disposition of collateral and account deficiency balances.

      5.      I have reviewed the records maintained by SC in the normal course of its business in connection with retail installment accounts of Wisconsin residents serviced by SC in the past

DM1\13583676.1

three years.  SC's business records are prepared at or near the time of the event by persons with knowledge of the event and from information transmitted by persons with knowledge of the event.

6.     In connection with the purchase of a used 2018 Kia Sportage, Plaintiffs executed a retail installment sales contract that sets forth the payment terms and obligations.

7.     Plaintiffs' retail installment contract reflects an Amount Financed (the principal obligation) of $21,565.10 and a Finance Charge (the credit service charge Plaintiffs are obligated to pay over the course of the contract) of $16,682.74.  *See* Complaint, Exh. A.

8.     After SC sold Plaintiffs' vehicle at auction, there remains a deficiency balance of $11,364.20 owed by Plaintiffs to SC.

9.     Based on my review and preliminary analysis of SC's records, there exists more than 1,000 customer accounts that appear to fit the putative class definition contained in the Complaint:  all Wisconsin residents who in the last three years (a) have or had a retail installment contract held by SC; (b) had their vehicle repossessed in Wisconsin by SC or it agents; (c) have not obtained a discharge in bankruptcy applicable to the retail installment contract; and (d) received a Notice of Sale which did not inform the customer that SC as the creditor was entitled to recover from the customer the deficiency, if any, remaining, after deducting the fair market value of the collateral from the unpaid balance.

10.     SC has not had the opportunity to examine each of the relevant retail installment contracts.  As a result, among other things, SC is unable at this juncture to determine which accounts, if any, are those of SC, its parents, subsidiaries, affiliates, officers and directors, and judicial officers and their immediate family members and associated court staff assigned to this case.  However, SC believes the number of these accounts to be nominal.

DM1\13583676.1

Confidential

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 27th day of October, 2022.

Randy Bockenstedt

DM1\13570741.1

3